IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANA HAMILTON-SCHMUTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-CV-215-MTS |
| | ) |
| LUMICO LIFE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Partial Summary Judgment on her Breach of Contract Claim. (Docket No. 25). After considering the parties' briefing on the matter and the applicable caselaw, the Court hereby **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Partial Summary Judgment on her Breach of Contract Claim.

**Background and Procedural History**

On March 28, 2024, Plaintiff Dana Hamilton-Schmutz ("Plaintiff") filed the instant case in the District Court for Tulsa County, Oklahoma. (Docket No. 2-1). In her Original Petition, Plaintiff alleges that Defendant Lumico Life Insurance Company ("Defendant") "breached the policies and its duty to deal fairly and in good faith towards Plaintiff" regarding her late husband's life insurance policy. *Id.* On May 8, 2024, Defendant removed the case to this Court. (Docket No. 2). The relevant facts are as follows.

On April 15, 2020, Defendant issued Plaintiff's husband a ten-year life insurance policy with a coverage amount of $250,000. (Docket Nos. 25 at 2, ¶ 1; 38 at 6, ¶ 1). Plaintiff was named the beneficiary of the policy. (Docket Nos. 25 at 3, ¶ 8; 38 at 7, ¶ 8). On November 20, 2023, Plaintiff's husband, John Schmutz, died unexpectedly. (Docket Nos. 25 at 3, ¶ 6; 38 at 6, ¶ 6). As

of the date Plaintiff filed her Original Petition, she had not received any of the policy proceeds. (Docket No. 2-1 at 9).

On June 20, 2024, the Court issued a Scheduling Order with a discovery deadline of January 15, 2024. (Docket No. 24). On August 21, 2024, Plaintiff filed the instant motion, well in advance of the discovery deadline, seeking summary judgment on her breach of contract claim. (Docket No. 25). Defendant filed its Response and Accompanying Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment on her Breach of Contract Claim on September 11, 2024. (Docket No. 38). Plaintiff then filed her Reply to Defendant's Response on September 27, 2024.[1] (Docket No. 52). After receiving leave from the Court, Defendant filed its Sur-Reply on October 4, 2024. (Docket No. 57).

Plaintiff argues that Defendant breached the insurance contract by failing to pay her the policy benefits and accumulated interest for four and a half months after Defendant was first notified of Mr. Schmutz's death.[2] *Id.* at 1. She further asserts that Defendant owes Plaintiff an accruing amount in interest. *Id.* at 6. Defendant disputes that it breached the insurance contract, in addition to disputing Plaintiff's claim of owed interest and the rates which she used to calculate said interest. (Docket No. 38 at 13–21). In reply, Plaintiff maintains that there is no genuine dispute of material fact as to her breach of contract claim. (Docket Nos. 25, 52). However, Defendant disagrees and requests that the Court either deny Plaintiff's motion outright, or

---

[1] Plaintiff originally filed her Reply on September 25, 2024. (Docket No. 46). However, due to noncompliance with Local General Rule 2-4(a) and Local Civil Rule 7-1(d), the Court struck Plaintiff's Reply. (Docket No. 49). After seeking and receiving leave of court to file an oversized reply, Plaintiff filed the reply which is now before the Court. (Docket No. 52).

[2] According to Plaintiff, on April 3, 2024, Defendant paid Plaintiff $252,899.95 in policy proceeds and interest. (Docket No. 25 at 4, ¶ 16). However, Defendant maintains that it issued Plaintiff a check in the amount of $253,132.76 on April 3, 2024. (Docket No. 38 at 8, ¶ 16).

alternatively, deny it without prejudice or defer consideration of the motion to allow for further discovery pursuant to Federal Rule of Civil Procedure 56(d).  (Docket No. 38 at 25–26).

## Discussion

Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  The declaration or affidavit by the party opposing summary judgment "'must specify (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment.'"  *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016), quoting *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015) (alteration in original).

"[R]equests for further discovery should ordinarily be treated liberally . . . [,] [b]ut relief under Rule 56(d) is not automatic."  *Hamric v. Wilderness Expeditions, Inc.*, 6 F.4th 1108, 1119 (10th Cir. 2021) (quotation omitted).  If "'the nonmoving party has not had the opportunity to discover information that is essential to his opposition[,]'" then "'[s]ummary judgment [should] be refused[.]'"  *Id.*, quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986).  "Although discovery is the norm prior to granting summary judgment, a party's mere hope that discovery may yield further evidence is insufficient to defeat a summary judgment motion."  *Trans-Western Petroleum, Inc. v. U.S. Gypsum Co.*, 830 F.3d 1171, 1175 (10th Cir. 2016) (citations omitted).  Moreover, if the party filing the Rule 56(d) affidavit or declaration "has been dilatory, or the information sought is either irrelevant to the summary judgment motion or merely

3

cumulative, no extension will be granted." *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993).

In compliance with Rule 56(d), Defendant attached a declaration as an exhibit to its response brief. (Docket No. 38-27). Defendant's declaration properly identifies the facts not currently available, the steps to obtain the information, and why additional time is necessary prior to the Court's ruling on Plaintiff's motion. *See Gutierrez*, 841 F.3d at 908. Specifically, the declaration sets forth that additional time for discovery will allow Defendant to develop the facts to support its arguments and defenses on the issues raised in Plaintiff's motion, including "[1] proof of the claimant's interest as required by the policy; [2] the nature and scope of its investigation, including the reasons behind Plaintiff's failure to timely respond to multiple inquiries or submit requested information to [Defendant]; [3] whether [Defendant] obtained sufficient information to determine its liability; [4] the extent of the alleged liability; [5] the nature and scope of impediments to payment that depended on the action of parties other than [Defendant]; and [6] anticipated expert testimony regarding industry custom and practice." *Id.* at 3, ¶ 7. Further, the declaration explains that when Defendant was required to respond to Plaintiff's motion on September 11, 2024, very little discovery had been completed in the case—no depositions had been taken (although six are scheduled for October of 2024), written discovery remained in dispute and subject to motions to quash and compel, Plaintiff's expert identification and reports are not due until December 18, 2024 (with Defendant's due on January 6, 2025), the discovery deadline is not until January 15, 2024, and the dispositive motion deadline is January 29, 2024.[3] (Docket Nos. 24, 38-27 at 2–3, ¶¶ 5–6).

---

[3] The Court issued an Order denying Plaintiff's motion to quash on September 13, 2024. (Docket No. 41). On September 25, 2024, the Court issued an Order granting in part and denying in part

4

Based on the foregoing, the Court finds Defendant's declaration is sufficiently specific and satisfies Rule 56(d), as the designated issues would appear to potentially influence when interest began accruing on the policy, the interest calculation, and/or the applicability of the additional interest at a rate of ten percent of the policy proceeds. (*See* Docket Nos. 25 at 2–4, 38 at 6–8). Moreover, Plaintiff filed her motion approximately two months after the Court entered the Scheduling Order, and well before the current discovery deadline of January 15, 2025, and the dispositive motion deadline of January 29, 2025. Although some written discovery has been exchanged in the case, several depositions remain to be taken. Further, Plaintiff does not specifically address Defendant's Rule 56(d) request in her Reply. (Docket No. 52). Accordingly, the Court finds Defendant has established that additional facts pertaining to the designated issues are necessary for Defendant to adequately respond to Plaintiff's motion for partial summary judgment.

## Conclusion

For the reasons discussed herein, Plaintiff's Motion for Partial Summary Judgment on her Breach of Contract Claim is hereby **DENIED WITHOUT PREJUDICE**. (Docket No. 25).

IT IS SO ORDERED this 7th day of October, 2024.

MARK T. STEELE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

Plaintiff's motion to compel, directing Defendant to provide Plaintiff with amended discovery responses and document production by October 17, 2024. (Docket No. 47).